HALPERIN BATTAGLIA BENZIJA, LLP
Walter Benzija, Esq.
Carrie E. Essenfeld, Esq.
40 Wall Street. 37th Floor
New York, NY 10005
Telephone: (212) 765-9100
Email: wbenzija@halperinlaw.net
    cessenfeld@halperinlaw.net
 -and-

OSBORN MALEDON PA
Warren J. Stapleton, Esq.
*pro hac vice* application pending
2929 N. Central Avenue, Suite 2100
Phoenix, AZ 85012
Telephone: (602) 640-9354
Email: wstapleton@omlaw.com
*Counsel to Tina Rhodes-Hall, Daniel Shum, and Peter Woog*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
In re:                                              :   Chapter 11
                                                    :
FILMED ENTERTAINMENT INC.                           :   Case No. 15-12244(SCC)
                                                    :
                        Debtor.[1]                  :
----------------------------------------------------------x
EDWARD P. BOND, Liquidating Trustee of the          :
FEI Creditors' Liquidation Trust,                   :
                                                    :
                        Plaintiff,                  :
                                                    :   Adv. Pro. No. 17-1108(SCC)
   - against -                                      :
                                                    :
DEBORAH I. FINE, MARK J. BONNEY                     :
CLIFTON KNIGHT, WILLIAM JACKSON,                    :
DANIEL SHUM, TINA RHODES,                           :
PETER WOOG, JOHN DOE # 1 THROUGH 20,                :
JANE DOE # 1 THROUGH 20,                            :
                                                    :
                        Defendants.                 :
----------------------------------------------------------

---

[1]    The last four digits of the Debtor's federal tax identification number are 3867.

# ANSWER

For their answer to the Amended Complaint of Plaintiff Edward P. Bond, in his capacity as the Liquidating Trustee of the FEI Creditors' Liquidating Trust (the "Trustee"), defendants Tina Rhodes-Hall ("Rhodes-Hall"), Daniel Shum ("Shum"), and Peter Woog ("Woog") collectively the "Defendants" admit, deny, and affirmatively allege as follows:

## Jurisdiction and Venue

1. Defendants admit the allegations contained in paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Upon information and belief, Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Defendants deny that this matter is a core proceeding. Defendants consent to the entry of final orders by the Bankruptcy Court. Defendants have a right to trial by jury in this matter and will comply with Fed. R. Bankr. P. 9015.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

## Procedural Background

6. Upon information and belief, Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. Upon information and belief, Defendants admit the allegations contained in paragraph 7 of the Complaint.

## The Parties/Background

8. Upon information and belief, Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 9 of the Complaint and therefore deny same.

10. Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 10 of the Complaint and therefore deny same.

11. Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 11 of the Complaint and therefore deny same.

12. Defendants admit that Clifton Knight was a vice president of legal affairs for the Debtor, but deny any remaining and contrary allegations contained in paragraph 12 of the Complaint.

13. Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 13 of the Complaint and therefore deny same.

14. Defendants admit that Shum was a director and Executive Chairman of the Debtor, but deny any remaining and contrary allegations contained in paragraph 13 of the Complaint.

15. Defendants admit that Rhodes-Hall was a director of the Debtor, but deny any remaining and contrary allegations contained in paragraph 15 of the Complaint.

16. Defendants admit that Woog was a director of the Debtor, but deny any remaining and contrary allegations contained in paragraph 17 of the Complaint.

17. Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 17 of the Complaint and therefore deny same.

## General Allegations

18. Defendants admit that JMCK owned the Debtor, but deny any remaining and contrary allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint but admit that JMCK did, at one time, own 100% of BKSPN Holdings, LLC and 50% of Bookspan, LLC. Defendants deny any remaining and contrary allegations contained in paragraph 20 of the Complaint.

21. Upon information and belief, Defendants admit the allegations contained in paragraph 21 of the Complaint.

22. Defendants admit that JMCK and BKSPN acquired 100% of Skymall, Inc., but deny any remaining and contrary allegations contained in paragraph 22 of the Complaint.

23. Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 23 of the Complaint and therefore deny same.

24. Defendants admit the allegations contained in paragraph 24 of the Complaint.

25. Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 25 of the Complaint and therefore deny same.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 28 of the Complaint and therefore deny same.

29. Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 29 of the Complaint and therefore deny same.

30. Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 30 of the Complaint and therefore deny same.

31. Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 31 of the Complaint and therefore deny same.

### Count One

32. Defendants admit, deny and affirmatively allege their answers to paragraphs 1-32 of the Complaint as if fully restated herein.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

Defendants deny the "relief requested" portion of Count One of the Complaint.

**Affirmative Defenses**

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's Complaint is barred by estoppel, in pari delicto, unclean hands, and by Plaintiff's own wrongdoing.

3. Upon information and belief, Plaintiffs' claims fail because the Debtor was solvent at the relevant times for purposes of fraudulent conveyance law.

4. Plaintiff's claims fail because Defendants gave reasonably equivalent value in exchange for any transfer that occurred.

5. Plaintiff's claims are barred by comparative fault and/or contributory negligence.

6. Plaintiff's claims are barred because the approval of the transactions at issue was the reasonable exercise of Defendants' business judgment under applicable law.

7. Plaintiff's claims are barred by release and accord and satisfaction.

Having fully answered Plaintiffs' Complaint, Defendants request that the Complaint be dismissed with prejudice, that Plaintiffs take nothing, and that Defendants be awarded their costs and expenses, including reasonable attorneys' fees, and for such other relief as the Court deems appropriate.

Dated: October 27, 2017
      New York, New York

HALPERIN BATTAGLIA BENZIJA, LLP

*/s/ Walter Benzija*
Walter Benzija, Esq.
Carrie E. Essenfeld, Esq.
40 Wall Street, 37th Flr.
New York, NY 10005
Telephone: (212) 765-9100
Facsimile: (212) 765-0964
Email: wbenzija@halperinlaw.net
       cessenfeld@halperinlaw.net

-and-

OSBORN MALEDON PA

*/s/ Warren J. Stapleton*
Warren J. Stapleton, Esq.
*pro hac vice* application pending
2929 N. Central Avenue, Suite 2100
Phoenix, AZ 85012
Telephone: (602) 640-9354
Facsimile: (602) 640-9050
Email: wstapleton@omlaw.com

*Counsel to Tina Rhodes-Hall, Daniel Shum, and Peter Woog*